Parker, C. J.,
delivered the opinion of the Court. According to *153 the decision of the case of The Trustees of Limerick Academy vs. Davis, cited in the present argument, this action cannot be supported upon the original promise, of which the subscription paper is the evidence; for it appears, by that decision, that a promise of this sort, made to no particular person, and having only a public benefit for its consideration, is no more binding in law than it is upon the consciences of men who are base enough to refuse to perform them. That case was well decided ; and we conform to it now, as far as a strict analogy holds between that case and this ; so that upon the counts which are supported only by the subscription paper, the plaintiffs in this case cannot recover.
But having lately decided, in an action brought by the present plaintiffs vs. Flint, that a recovery might be had on a count for money paid, laid out, and expended, the same principles will apply to this case, unless there be a material difference in the facts. That case not having been reported, it is proper now to state briefly the reasons on which the decision rests, that other subscribers to this institution may see how far they can be justified in resisting payment.
In the case alluded to, the trustees, after being incorporated, and becoming seised in trust of the land which the legislature had granted on the faith of the private funds raised by subscription, proceeded to erect a building for the use of the institution. Flint being one of the trustees, never having dissented from any of their acts, and having, when called upon for payment, sent a man, who was a debtor of his, to work out a part of his subscription, it was thought that the recognition of * his promise, accompanied by a knowledge, on his part, that the expense was going on, authorized a recovery against him to the amount of his subscription, on the ground of money paid, laid out, and expended, to his use and at his request. It was also thought to be like the case of a man working upon the house of another, who had knowledge of his proceedings, in which case, although he could prove no express request or promise, he would undoubtedly recover for his labor.
The present case differs from the case of Flint only in the circumstance that the defendant was not a trustee. But he was an inhabitant of the town, and must have known of the erection of the building ; and he actually advanced some part of the materials, excusing himself from paying the whole subscription only on the ground of his inability at the time. This was sufficient to justify the trustees in proceeding to incur expense, on the faith of the defendant’s subscription ; and having so done, they have expended money for him on his implied request; and so the case is brought *154 within the principles of the decision of Homes & Al., Admrs., vs Dana, referred to at the bar.
The case of an infant, which has been put, whose promise cannot be made valid by implication, but only by an express new promise after he comes of age, we do not think in any degree analogous, (a)

Defendant defaulted.

 [Thomson vs. Page, 1 Met. 565; and see note to Phillips Limerick Academy vs. Davis, 11 Mass. Rep. 119. — Ed.]