## NAHUM BRYANT *versus* HOLLAND GOODNOW.

When one subscribes with others a sum of money to carry on some common project, lawful in itself and supposed to be beneficial to the projectors, and money is advanced upon the faith of such subscription, an action for money paid may be maintained against a subscriber for the amount of his subscription, or such portion of it as may be equal to his proportion of the expense incurred.

Where a first meeting of such subscribers was held, and the plaintiff was appointed agent of the company, and, in pursuance of authority then given him, he expended money for the purpose of the subscription, and the defendant, one of the subscribers, afterwards offered to pay the amount of his subscription, if the plaintiff would receive payment in a specific article, and also declared to a third person, that he should have paid, if he had not been ill treated by the plaintiff, it was considered that the defendant had waived any objection from the want of notice to attend the meeting, and had recognised his original engagement as still subsisting; and he was held liable to pay his proportion of the sum subscribed.

ASSUMPSIT for money paid. At the trial in the Court of Common Pleas, before *Strong* J., the plaintiff, to support the action, offered in evidence a subscription paper, dated March 25, 1825, signed by the defendant, among others, wherein he subscribed the sum of 25 dollars. The paper was as follows : — " We the undersigned being desirous of establishing a line of stages, &c., and for this purpose to raise a capital of 1500 dollars, to be divided into shares of 25 dollars each, and the loss or gain to be equally divided on the shares. It is however the understanding that no stockholder shall be holden to expend more than the amount of his share or shares, unless by mutual agreement subsequently entered into to that effect. And in case the shares shall all be taken up, there shall be a meeting of all the stockholders, or their agents, for the purpose of making such arrangements, obligations and officers as may be necessary to carry into immediate effect the object proposed."

The plaintiff also offered to prove, that after the requisite number of shares were subscribed, the greater part of the subscribers had a meeting, at which he was chosen agent of the company, and was authorized to expend money to purchase coaches, horses, and other things necessary to prosecute the business of the company ; and that in pursuance of this authority he laid out a large sum of money. The judge

decided, that to charge the defendant upon the subscription paper, it was necessary to prove some act (f ratification on the part of the defendant, or, at least, that it should appear that he had notice of the first meeting of the subscribers, at which the plaintiff was appointed agent.  The plaintiff offered certain evidence of notice, which was rejected.  He then offered to prove, that since the company commenced operations, the defendant proposed to the plaintiff to pay the amount of his subscription in oats, and afterwards said to another person, that he should have been willing to pay the amount of his subscription, if it had not been for the ill treatment which he received from the plaintiff.

The plaintiff contended, that from what he had proved and what he had offered to prove, the jury would be authorized to infer that the defendant had notice of the first meeting, or if he had not, that he waived his right to notice ; or, at least, that the evidence ought to be submitted to the jury. But the judge was of opinion, that the evidence given and offered was not proper for the consideration of the jury, and ordered a nonsuit.  Whereupon the plaintiff filed his exceptions. ·

*Bigelow* and *Brooks* supported the exceptions.

*Smith*, for the defendant.·

The opinion of the Court was drawn up by

PARKER C. J.  The principle on which this action is founded, is maintained by the cases of *Homes et al.* v. *Dana*, 12 Mass. R. 190, and of *Trustees of Farmington Academy* v. *Allen*, 14 Mass. R. 172.  It is, that when one subscribes, with others, a sum of money to carry on some common project, lawful in itself and supposed to be beneficial to the projectors, and money is advanced upon the faith of such subscription, an action for money paid, laid out and expended, may be maintained to recover the amount of the subscription, or such portion of it as will be equal to the subscriber's pro portion of the expense incurred.

It appears in this case, that the plaintiff, who was the agent of the company, in pursuance of the scheme agreed upon, and under the direction of the company, expended a sum which will require the whole sum subscribed by the defend-

*Bryant*
*v.*
Goodnow.

*Sept. 26th.*

*Oct. term, in*
*Middlesex.*

230

Bryan
*v.*
Goodnow.

ant ; and that property was purchased, of which the defend-
ant is tenant in common.   He is legally and equitably bound,
therefore, to pay up his subscription, unless he has been un-
fairly dealt by in the business.   He complains that he was not
notified of the first meeting of the company.   But he evident-
ly waived his objections on this account, when he offered to
pay if the plaintiff would receive oats in payment ; and after-
wards, when he declared he should have paid but for some
supposed ill treatment, he must be held to have recognised his
original engagement as subsisting, notwithstanding the want of
notice.

We think the nonsuit must be set aside and a new trial
granted.[1]

---

[1] See *Phillips Limerick Academy* v *Davis*, 11 Mass. R (Rand's ed.) 119,
n. a; *Salem Mill Dam Corp.* v. *Ropes*, 6 Pick. 23 ; *Trustees &c. in Hanson* v.
*Stetson, post*, 506 ; *Foxcroft Academy* v. *Favor*, 4 Greenl. 454 ; *Society in Troy*
v. *Perry*, 6 N. Hamp. R. 164; *George* v. *Harris*, 4 N. Hamp. R. 533.