### IN THE

# SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF GRAFTON, MAY TERM,

## A. D. 1829.

---

## LEONARD GEORGE *et al. versus* NATHAN HARRIS.

Where several individuals put their names to a subscription paper, and prom-
ise to contribute each a certain sum to an object which all are desirous to
accomplish, the promise of each may be considered as made in consideration
of the promises of the rest ; and if one refuse to pay, the others, having ac-
complished the object, may recover of the one who refuses to pay the sum
by him subscribed.
And parol evidence is inadmissible to vary the terms of such a promise.

ASSUMPSIT upon a certain writing in the words and fig-
ures following :—

" For the purpose of providing a suitable court house
in the town of Plymouth, and to have said town continue
a half shire, we, the subscribers, severally promise to
pay the sums set against our respective names, or so
much thereof as may be necessary for said purposes,
payment to be made to Arthur Livermore, in trust, for
the use of us respectively, unless applied as above under
the direction of a majority of those of us subscribing
fifty dollars or upwards, provided some person will give

half an acre of land suitable, in the opinion of the last
mentioned subscribers, for the site of a court house.

"April 29, 1822."

The cause was tried here at November term, 1828, upon the general issue, and a verdict taken by consent for the plaintiffs, subject to the opinion of the court upon the following case.

The said writing on which the action is founded, was subscribed by the plaintiffs, in number, twenty-seven persons, together with the defendant and one Samuel Holmes, who is since deceased. Various sums were set against the names of the subscribers, and against the name of the defendant one hundred dollars.

William Webster, on the 15th November, 1822, gave half an acre of land in said Plymouth, suitable, in the opinion of a majority of those subscribing fifty dollars and upwards, for the site of a court house, and a suitable court house was erected thereon, under the direction of the said majority, and to erect and finish said house it was necessary to expend the whole amount subscribed. But the defendant refused to pay the sum by him subscribed.

When the defendant put his name to the said writing, one of the other subscribers who had the paper and solicited subscriptions, told the defendant that the new court house should be erected on the site of the old court house, and that he should not be held liable to pay if it were erected in any other place. The new court house was in fact erected in a different place.

*Bell*, for the plaintiffs.

*Sullivan*, attorney general, of counsel with the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J. It has been decided in Massachusetts, that when one subscribes with others a sum of money to carry on some common project, lawful in itself and supposed to be beneficial to the projectors, and mo-

ney is advanced upon the faith of such subscription, an <span>George et al.<br>v.<br>Harris.</span> action for money paid may be maintained against a subscriber for the amount of his subscription, or such portion of it as may be equal to his proportion of the expense incurred. 5 Pick. 228, *Bryant* v. *Goodnow* ; 14 Mass. Rep. 172, *The Trustees of F. A.* v. *W. Allen* ; 12 ditto, 190, *Holmes* v. *Dana.*

But in the case now before us, there is no count for money paid, although the facts stated would, if the decisions in Massachusetts are correct, most clearly entitle the plaintiffs to judgment on such a count. For it is stated, that these subscribers have built a court house, and that all the money subscribed was necessary for the purpose, so that the sum subscribed by the defendant must have been advanced by the other subscribers, or on their account.

And we are of opinion, that if there was no fraud or deception in the case, this action may be maintained upon the subscription paper. There were twenty-nine persons, who were desirous that the courts should continue to be holden in Plymouth, and were willing to contribute certain sums towards the erection of a court house, that they might continue to be holden there. A written agreement was made, that each of the twenty-nine persons should pay to a individual a particular sum, that so much of the whole sum subscribed as should be necessary, should be expended in the erection of a court house, and that the residue, if any, should be returned to the subscribers respectively. There was a direct promise by each to pay, and a sufficient consideration is apparent from the nature of the transaction. The consideration upon which the promise of each is founded, is the promise of the rest to contribute to an object, which all were desirous to accomplish, 5 Pick. 506, *Trustees in Hanson* v. *Stetson.*

But the defendant relies for an answer to the action on the fact, that he was told by one of the subscribers when

he put his name to the paper, that he should not be holden to pay unless the new court house should be erected where the old court house stood. We are, however, of opinion, that he cannot be permitted to avail himself of this circumstance as a defence. His promise is direct, positive, unconditional, and in writing, and parol evidence is inadmissible to contradict, or vary such a contract. He agreed to give the amount he subscribed, for the erection of a court house on land suitable, in the opinion of certain subscribers, and to be given, for the purpose. Nothing is said of the site of the old court house.

There is another reason why the defendant ought not to be permitted to avail himself of any private understanding between him and another subscriber.

He put upon the paper an unconditional promise to pay, and this may perhaps have induced others not only to subscribe, but to pay, and his attempt now to shield himself under such private understanding may be a fraud upon others who were thus induced to subscribe and pay.

This objection can be removed only by showing, that before any thing was done he notified the other subscribers that he should withdraw his name from the subscribtion paper. But for ought that appears he may have stood and seen the other subscribers erect the buildings without objecting to pay until the work was accomplished.

*Judgment on the verdict.*