KENNEBEC & PORTLAND RAIL ROAD COMPANY *versus* PALMER.

Of the liability of a person, upon a subscription made jointly by himself and others, agreeing to take shares in the stock of a corporation.

Of the consideration, necessary to sustain a suit by a corporation upon such a subscription.

ON REPORT from *Nisi Prius,* WELLS, J. presiding.

ASSUMPSIT, to recover assessments upon four shares, of $100 each, in the capital stock of the company.

The defendant, with others, on July 16, 1845, subscribed a paper, agreeing to associate together, under the provisions of the company's charter, and promising to take the number of shares, (in the corporation,) set against their respective names, to be each of the value of $200, and to be paid for at that

rate, viz., $2, at the time of subscribing and $198 at such times, to such persons, and in such installments, as shall hereafter be required, by a vote of the company, when the same shall be duly organized under the Act of incorporation. Against the defendant's name, he had set the word "two." The company was organized, October 28, 1846.

The defendant set up, in defence, —

1st. That there was no contract between the parties,

2d. That the contract, if any, was without consideration.

Applicable to these points, testimony was offered showing that the defendant attended at one or more of the annual meetings of the stockholders, and voted in the choice of directors; also that, on being applied to by an agent of the company, after the assessments were made, he promised to pay them; and also that he at the same time paid a part of their amount.

3d. That the defendant's subscription was not for four shares of $100 each, but for two shares of $200 each.

Other grounds, taken in defence, were also taken in the preceding case by the same plaintiffs against Jarvis, and it was agreed that the facts, presented in that case, should be considered as established in this case, both cases being argued simultaneously, and submitted to the Court upon the same principles.

*Evans*, for the plaintiffs.

*Allen*, for the defendant, urged the following grounds of defence.

1. The defendant's subscription, signed by the defendant and others, being prior to the organization of the company, could not be a promise to the *plaintiffs*. It was merely an engagement *inter sese*. It is not unlike the case *New Bedford Turnpike Co.* v. *John Q. Adams*, 8 Mass. 138.

2. The suit is for assessments on four shares of $100 each. For such shares the defendant never subscribed. His subscription was for shares of $200 each.

3. The subscription was upon the implied condition, that

all the stock should be subscribed for. 2 Comstock, 230; 31 Maine, 573.

4. No action can lie upon the subscription, till the shares should have been sold for payment of the stock.

5. The promise was without consideration. The plaintiffs have paid nothing for the defendants.

The opinion of the Court, SHEPLEY, C. J., TENNEY, HOWARD and APPLETON, J. J., was drawn up by

SHEPLEY, C. J. — The contract was signed by the defendant on July 16, 1845. The corporation was not organized under its charter until October 28, 1846. The charter and additional Acts of incorporation are referred to in the contract, which declares, " the subscribers agree to associate together under the provisions of those Acts, and agree and promise to take the number of shares set against our names respectively in the Portland and Kennebec Rail Road Company."

1. The first objection is, that there was not and is not any existing contract between these parties.

The contract was undoubtedly intended to have been made between the parties, for it provides, that payment shall be made "as shall hereafter be required by a vote of said company, when the same shall be organized under said Act of incorporation," and the defendant was to receive his shares from it.

2. It is alleged to have been made without consideration.

The agreement to associate together under the Act to accomplish the purposes designed, would seem to be a sufficient consideration. The consideration need not proceed from the party with whom the contract is made. The consideration of one promise is, that others will make like promises.

If this be not regarded as sufficient, the testimony shows, that the company was subsequently organized; that it proceeded to accomplish the purpose for which the charter was granted; that the defendant paid in part for the shares; and, that he promised to pay the remainder.

The prior proceedings and acts of the parties are in such cases, regarded as a legal basis for a subsequent promise, and

the partial execution of the purpose designed by the charter as forming a sufficient consideration for it. *Farmington Academy* v. *Allen*, 14 Mass. 172. *Amherst Academy* v. *Cowls*, 6 Pick. 427. The renewal of the promise was made to an existing corporation.

3. It is insisted, that the plaintiffs cannot recover, because the defendant contracted to take two shares of $200 each and not four shares of $100 each.

The original charter provided, that the capital stock should be divided into shares of $200 each. An additional Act, approved on July 16, 1846, provided, that it should be divided into shares of $100 each. This was accepted by the corporation, of which the defendant was a member. Long after this, the defendant paid in part for the four shares assigned to him by virtue of his subscription. He must therefore be considered as having assented to that change in the division of the stock, and to the assignment of four shares of $100 each instead of two shares of $200 each.

The change required no greater sum to be paid; and it neither increased nor diminished his proportion of the capital.

The other objections made to a maintenance of the action have been considered and decided in a case between the same plaintiffs and Edward Jarvis. *Ante*, page 360.

*Defendant defaulted.*

*Evans*, for the plaintiffs.

*Allen* and *Morrell*, for the defendant.