## OBED MIRICK & others *vs.* RODNEY FRENCH.

A number of persons signed an agreement to take and pay for the number of shares set
against their names, for the purpose of establishing an academy, upon certain conditions,
two of which were, that the financial affairs of the institution should be managed by
five trustees to be chosen by the shareholders; and that the academy should be leased
to D. so long as he should maintain a successful school there, and pay a certain rent:
Trustees were duly chosen accordingly, and purchased land and built an academy, rely-
ing upon said subscription, all the conditions of which were fulfilled, except the lease to
D., which was waived by him. *Held,* that a subscriber, who, upon being called upon for
his subscription, and receiving notice of D.'s waiver, had replied that that would not
affect his subscription, and declined to pay only upon the ground that he had not then
the money, was liable to said trustees for his proportion of the money so expended by
them, although the other subscribers had since obtained an act of incorporation, and
chosen the same persons trustees.

ACTION OF CONTRACT, commenced on the 24th of February
1854, by Obed Mirick and four others, to recover one hundred
dollars, the amount of the defendant's subscription to establish
an academy at Mirickville, in the town of Taunton. The dec-
laration contained two counts; one for money paid, laid out and
.expended by the plaintiffs at the request of the defendant, and
for his use; and the other upon the following subscription paper,
dated March 16th 1853, on which the defendant had subscribed
for one share, $100 :

" We, the subscribers, agree to take and pay for the number
of shares or parts of shares annexed to our names, for the purpose
of establishing an academy at Mirickville, on the following con-
ditions :

" 1st. The property of the institution shall be owned in shares
of one hundred dollars each, and all the financial affairs of the
institution, except such as are otherwise especially provided for,
shall be controlled by a board of five trustees, to be chosen an-
nually by the shareholders.

" 2d. When a sufficient amount shall be subscribed, the share-
holders shall be notified to meet and choose a board of trustees,
a clerk, a treasurer and collector, and a building committee, and
to transact any other necessary business.

" 3d. The buildings, and all other property belonging to the

academy, shall be rented to Mr. F. F. Dewey so long as he shall maintain a successful school in the same, keep all the property in good repair, pay taxes and insurance, and after the school shall have been in operation one year, pay six per cent. of the cost of the property rented to him.

"4th. This subscription shall not be binding until the sum of two thousand dollars shall be subscribed, payable one third on the first of May next, one third on the first of July, and one third on the first of August next."

The parties submitted the case to the decision of the court upon the following statement of facts : In the spring of 1853, the subscribers duly chose the plaintiffs trustees, and Mirick treasurer, at a meeting which the defendant had notice of, but did not attend. They forthwith purchased land and erected an academy at Mirickville, to the value of about four thousand dollars, relying upon the subscription of the defendant and others to pay for the same. All the conditions of the subscription paper were fulfilled, except the third. About the end of July 1853, while the buildings were in the process of erection, F. F. Dewey, mentioned in the third condition, voluntarily resigned all claim he might have as lessee of the buildings, and as teacher of the school therein, because he would not be able to maintain a successful school there. The defendant upon receiving notice of this fact, replied that it would not affect his subscription, but that he would pay that as if Dewey had not resigned. The defendant was several times called upon for his subscription, and never declined on any other ground than that he had not then the money to pay it. The buildings were completed in the spring of 1854, and a school has been maintained therein since the 7th of September 1854. By *St.* 1853, *c.* 309, passed on the 10th of May 1853, Obed Mirick and others, their associates and successors, were made a corporation, by the name of The Mirickville Academy. The plaintiffs were chosen trustees and treasurer of said corporation, and a certificate of stock therein was presented to the defendant, before this action was commenced.

*E. H. Bennett,* for the plaintiffs. The subscription of the de-

fendant was not void for want of consideration. The later cases in this commonwealth fully establish the validity of voluntary subscriptions. *Amherst Academy* v. *Cowls*, 6 Pick. 427. *Church in Hanson* v. *Stetson*, 5 Pick. 506. *Thompson* v. *Page*, 1 Met. 568. *Ives* v. *Sterling*, 6 Met. 310. Besides; the defendant was to own a share, and does own a share, in the Mirickville Academy, on which he was to receivè six per cent. interest. The defendant expressly waived all right òf objection on the ground that Dewey was not the principal, and so ratified his subscription.

The plaintiffs are the proper persons to enforce the contract; for the defendant, by the subscription paper, promised " to take and pay for " one share, and agreed that " all the financial affairs of the institution shall be controlled by a board of five trustees, to be chosen annually by the shareholders." It was not necessary that the plaintiffs should be more specifically named as payees. See *Thompson* v. *Page*, 1 Met. 568; *State Treasurer* v. *Cross*, 9 Verm. 289; *Webster* v. *Ela*, 5 N. H. 540; *Barnes* v. *Perine*, 9 Barb. 202; *Green* v. *Davies*, 4 B. & C. 235; *Chadwick* v. *Allen*, 2 Stra. 706.

But if the action cannot be maintained on the subscription paper, the plaintiffs, who have, as agents for the subscribers, and on the faith of their subscription, laid out about $4,000, may re-cover the defendant's proportion thereof on the count for money paid. *Bryant* v. *Goodnow*, 5 Pick. 228. *Farmington Academy* v. *Allen*, 14 Mass. 172.

The subsequent incorporation of the plaintiffs cannot release the defendant from his contract. The plaintiffs bought the land as trustees, and still hold it as such. It is no ground of defence that they will hold the funds in trust for the new corporation. The corporation could not sue on the defendant's promise. *Limerick Academy* v. *Davis*, 11 Mass. 113.

*N. Morton & B. Sanford*, for the defendant. The plaintiffs were not the parties to whom the defendant's promise was made; as between them, there was no mutuality, and no consideration. And the defendant has not made any new promise, upon legal consideration, nor recognized the original promise, nor

done any thing to make it binding on him. *Boutell* v. *Cowdin*, 9 Mass. 254. *Bowers* v. *Hurd*, 10 Mass. 427. *Limerick Academy* v. *Davis*, 11 Mass. 113. *Homes* v. *Dana*, 12 Mass. 192. *Farmington Academy* v. *Allen*, 14 Mass. 172. *Bridgewater Academy* v. *Gilbert*, 2 Pick. 579. *Amherst Academy* v. *Cowls*, 6 Pick. 427. *Church in Hanson* v. *Stetson*, 5 Pick. 506. *Bryant* v. *Goodnow*, 5 Pick. 228. *Williams College* v. *Danforth*, 12 Pick. 541. *Thompson* v. *Page*, 1 Met. 556. *Ives* v. *Sterling*, 6 Met. 316.

If the plaintiffs, as trustees chosen by the shareholders, ever had authority to maintain this action, it was superseded by obtaining and accepting the act of incorporation.

MERRICK, J. The declaration alleges that the defendant owes the plaintiffs the sum of one hundred dollars, for money by them paid, laid out and expended at his request and to his use. And upon the statement of facts agreed to by the parties, we can see no reason to doubt their right to recover that sum of him. It is a well settled principle of law in this commonwealth, that when one subscribes with others a sum of money to carry on some common project, lawful in itself, and supposed to be beneficial to the projectors, and money is advanced upon the faith of such subscription, with his knowledge and without objection from him, an action for money paid, laid out and expended may be maintained to recover the amount of the subscription, or such part of it as is equal to his proportion of the expense incurred. It was so determined in this court many years since, and the principle has not been disturbed or brought into question by any subsequent decision. *Farmington Academy* v. *Allen*, 14 Mass. 172. *Bryant* v. *Goodnow*, 5 Pick. 228.

The defendant signed the subscription paper recited in the declaration. All the conditions contained in it were duly complied with. The third condition was a provision in favor of Mr. Dewey ; but there was no corresponding obligation on his part to take a lease of the premises. When, therefore, he voluntarily resigned all claim he might have as lessee of the buildings, the condition was discharged, and nothing further remained to be done under it. The defendant was notified, as

he should have been, of the meeting at which the plaintiffs were chosen trustees. In execution of the common project, and relying in part upon his subscription, they proceeded to expend, and did expend, a sum exceeding the whole amount agreed to be contributed by all the subscribers. The defendant had knowledge of all this; and when called upon for payment of his proportion, or the amount which he had subscribed, made no other objection to a compliance with that request, than a present want of money with which to do it; and upon being informed of the relinquishment by Dewey of his rights as lessee, said that would not affect his subscription, but he should pay just as if the relinquishment had not taken place. It thus appears that he originally stipulated with others to contribute a certain sum of money in execution of a project supposed to be for the common advantage; that the money was expended by the plaintiffs upon the faith of his promise; and that he subsequently recognized his original engagement as a still subsisting obligation. Upon this statement of facts, he is clearly liable to the plaintiffs in the present action, and judgment must be rendered in their behalf for the amount of his subscription.

*Judgment for the plaintiffs.*