## REFORMED PROTESTANT DUTCH CHURCH *v.* BROWN.

December, 1861.

Affirming 29 *Barb.* 335; S. C., 17 *How. Pr.* 288.

A subscription made at the formation of a religious society, but before its incorporation, for the use and benefit of the society and to carry out

its objects,—*e. g.*, toward the erection of a building, and to the support of a minister,—is presumed legal, in the absence of evidence to the contrary; and upon the subsequent incorporation of the society, under *L.* 1813, c. 60, § 4, the trustees became vested with the right to collect the subscription.[*]

The Reformed Protestant Dutch Church of Westfield, in Staten Island, sued Susan D. Brown, as executrix of David Brown, deceased, on the testator's subscription, made on or about February 26, 1849, to pay the sum of five hundred dollars toward building a house of worship for the plaintiffs, and one hundred dollars a year for the support of a minister. The society was not incorporated under the statute (*L.* 1813, c. 60), until September, 1849, or June, 1851; but this action was brought after the latter date and after the incorporation had been perfected and the church had been built.

The question raised by this appeal was whether the corporation could enforce such a subscription, made before its formation.

*The supreme court* held, that although it did not appear by the evidence that testator promised, after the incorporation, to pay his subscription, it did appear that after the preliminary organization and the execution of articles of association, the testator frequently told those in charge of the erection of the church edifice to go on and finish it, and he would pay his subscription; and that this was a waiver of any conditions in the original subscription, and the fact that the society, on the faith of this, and similar promises from others, went on and finished the building, was a sufficient consideration. That the corporation contemplated by the parties having been subsequently organized, and a part of the work done after its incorporation, they could recover upon the subscription. Reported in 29 *Barb.* 335; S. C., 17 *How. Pr.* 288. Defendant appealed.

By the Court.—Lott, J. [After observing that the only

---

[*] See, beside the cases cited in the opinion, Wayne & Ontario Inst. *v.* Greenwood, 40 *Barb.* 72, and 2 *Abb. Dig.* 2 ed. p. 172, note; Same *v.* Blackman, 48 *N. Y.* 663; Hutchins *v.* Smith, 46 *Barb.* 235.

question presented by the case was whether the facts found by the referee justified his conclusion of law.]—It appears by the referee's finding, that a religious society was formed on February 26, 1849; that it was subsequently incorporated as a church in due form by the name of The Reformed Protestant Dutch Church of Westfield, Staten Island and that the said corporation is the plaintiff in the action; that David Brown, the testator of defendant, on the day of the formation of the society, promised and agreed, by subscriptions made by him, to give and pay the sum of five hundred dollars towards the erection and building of a church, and the further sum of one hundred dollars a year for the support and maintenance of a minister of the gospel for said church, and that he afterward and after the church building had been nearly completed, again promised and agreed to give and pay the said sums for the objects specified, and expressly waived the operation and force of a clause in an article of agreement, or a statement made and signed on April 9, 1849, in relation to the indebtedness of the church (the nature of which does not, however, appear); that Brown has departed this life, leaving sufficient assets to pay all debts owing by him, and that on or about February 3,. 1853, letters testamentary on his estate were granted to the defendant; that the plaintiff's demand, as set forth in the complaint, has been repeatedly presented to her for payment previous to the commencement of this action, and that she has: neglected and refused to pay the same.

These are all the facts I deem pertinent or material to the question to be considered by this court. Whether the plaintiffs were incorporated on September 11, 1849, as found and decided by the referee, or on June 31, 1851, when the certificate of incorporation was acknowledged and recorded, as; claimed by the counsel of the defendant, is wholly immaterial. They were in fact incorporated long before the commencement, of this suit.

The facts above stated do not show, nor is it expressly found by the referee, to or with whom the promise or agreement of Brown was made; but it does appear that it was made at the time of the formation of the society, and that it was made by subscription. It will, therefore, in the absence of an express

iv.—3

statement or finding, be presumed on appeal, that it was a legal subscription in and by which he, in some way, legally obligated himself to pay the sums subscribed for the use and benefit of the society, and in carrying out the objects contemplated. This presumption is fully warranted by the rule laid down by this court in Carman v. Pultz, 21 *N. Y.* 547, "that error on the part of the court below will not be presumed, but must be made duly to appear. Hence it is incumbent on the appellant to take care so to present the facts upon which the case depends, as to show affirmatively that an error has been committed. This court will presume nothing in favor of the party alleging the error, but if compelled, through the imperfection of the statement of facts, to resort to presumptions at all, will adopt only such as will sustain the judgments;" and "where, as in this case, there is an evident omission of important facts in the statement or report, we must presume the facts to have been such as would warrant the judgment rendered."

I will only add, that it was not necessary that the promise or agreement should be to or with the plaintiffs in their corporate capacity. The general statute regulating the incorporation of religious societies (*L.* 1813, c. 60; 3 *R. S.* 282), expressly provides by section 4, that the trustees of every church, after it is incorporated, are authorized and empowered to take possession of all the temporalities belonging to the church, or to any other person for its use, and also in its corporate name to sue and recover, hold and enjoy all the debts, demands, rights and privileges belonging thereto, in whatever manner the same may be held, as fully and as amply as if the right or title thereto had originally been vested in the said trustees.

The plaintiffs, therefore, on becoming incorporated, became vested with the right to demand from Brown the amount of his subscription. See Stanton v. Wilson, 2 *Hill*, 153; Hamilton Plank R. Co. v. Rice, 7 *Barb.* 157, and Farmington Academy v. Allen, 14 *Mass.* 172.

There is nothing in the facts disclosed by the referee's decision, which requires or demands the interposition of any technical rule of law to defeat the benevolent or religious intentions of the testator in forwarding the good work and enterprise to which he became a liberal subscriber.

Those facts, on the contrary, imposed a legal duty, and the referee has properly decided, and his decision and the judgment thereon should be affirmed, with costs.