THE STATE ex rel. JOHN T. THOMPSON v. GEORGE D. REYNOLDS et al., Judges of St. Louis Court of Appeals.

In Banc, June 2, 1916.

1. **CORPORATION: Liability of Subscriber for Subscription.** One bound by a contract whereby he subscribes for a named amount of stock in a business corporation which he assists in originating and which he authorizes his agents and attorneys-in-fact to bring into existence, although he does not sign the articles of association, cannot, after such agents and attorneys-in-fact have organized the corporation, pursuant to his written authorization to do so, repudiate his contract, abandon his associates, take the benefit of the common enterprise, and escape liability to pay the amount of his subscription. [Restricting Sedalia, Warsaw & Southern Ry. Co. v. Wilkerson, 83 Mo. 235, to the particular facts there in judgment, or overruling it.]

2. **CERTIORARI TO COURT OF APPEALS: Removal of Conflict in Decisions: Judgment.** Where the case has been by writ of *certiorari* brought to the Supreme Court on the ground the decision of the Court of Appeals is in conflict with a prior decision of the Supreme Court, and that prior decision is overruled or so far restricted as not to apply——the decisions of the Court of Appeals distinguishing such prior decision from its

State ex rel. v. Reynolds.

own, refusing .o follow it and affirming the judgment of the trial court on other grounds——the result reached by the Court of Appeals will be approved and the writ quas.ied, since, that prior case out of the way, conflict of deci¬ions no longer exists.

*Certiorari* to St. Louis Court of Appeals.

WRIT QUASHED.

*Marshall & Henderson* for relator.

(1)  If the Court of Appeals did not follow the last previous decision of the Supreme Court, but rendered judgment contrary thereto, the Supreme Court, upon *certiorari,* will quash its judgment.  State ex rel. v. Ellison, 260 Mo. 129;  State ex rel. v. Reynolds, 257 Mo. 19.  (2)  In deciding the question of the liability of relator as a stockholder of the De Giverville Land Company, the Court of Appeals violated section 6 of the Amendment of 1884 to article 6 of the Constitution in that it did not follow the decision of the Supreme Court in the case of Railroad v. Wilkerson, 83 Mo. 235, which is the last previous ruling of the Supreme Court on that question.  (3)  In holding that relator is estopped to deny that he is a stockholder of the De Giverville Land Company, the Court of Appeals did not follow the decision of the Supreme Court in Haskell v. Worthington, 94 Mo. 573, which is the last previous ruling of the Supreme Court on that question.  (4)  In holding that the plaintiff, the De Giverville Land Company, can maintain the action against relator, the Court of Appeals did not follow the decisions of the Supreme Court in the cases of Dickey v. Porter, 203 Mo. 1;  St. Louis v. Contracting Co., 202 Mo. 310;  Bank v. Burrus, 178 Mo. 719;  Christman Co. v. Mfg. Co., 168 Mo. 634, and Roddy v. Railroad, 104 Mo. 234, which are the last previous ruling of the Supreme Court on that question. (5)  In deciding that the De Giverville Land Company could maintain the action against the relator, on the

theory that the land company is a trustee of an express trust within the meaning of Sec. 1730, R. S. 1909, the St. Louis Court of Appeals did not declare the true law and did not correctly apply section 1730 to the facts in judgment, especially as this action is not predicated upon any such theory.   (6)   In deciding that where one signs a preliminary proposition to take stock in a corporation thereafter to be organized, which proposition is never accepted by the corporation, but the corporation is organized by other persons and the authorized capital is fully paid up in cash by other persons, and the person sought to be held as a stockholder was not named as a stockholder in the articles of association, never participated in any way in the organization, meetings or business of the corporation, never had any notice of any meetings, never received or was offered any stock and no demand was ever made upon him to pay for any stock until after the corporation was fully organized, and where no call was ever made for unpaid stock subscriptions, the Court of Appeals did not follow the decision of the Supreme Court in Haskell v. Worthington, 94 Mo. 573, and did not follow the mandate of Sec. 3339, R. S. 1909, and did not declare the true law of this State.   (7)   In saying that the corporation accepted relator's proposition to become a stockholder, the Court of Appeals was guilty of an inconsistency, for the opinion of the court shows that the proposition was not accepted, as relator was not mentioned in the articles of association as a stockholder, and also says the shares of stock for which relator is held liable stands in the name of another person and that they were fully paid for.   This being so, there is nothing due the corporation for those shares from any one.

*James A. Seddon* for respondents.

(1)   This writ of *certiorari* was improvidently issued because the record shows no ruling of the respond-

ents in the case of De Giverville Land Company which
conflicts with any decision of the Supreme Court. The
argument of the relator in its last analysis is only that
the St. Louis Court of Appeals erred generally in ren-
dering its judgment in favor of the respondents. Ad-
mitting, *e gratia,* such error, the judgment of that court
cannot be annulled here however erroneous it may oth-
erwise be, unless its opinion conflicts with the decisions
cited by the relator. It is not sufficient merely to show
other error. State v. Smith, 176 Mo. 90; State v.
Hobart, 73 Mo. 398; State v. Robinson, 132 S. W. 21.
(2) The opinion of the St. Louis Court of Appeals
does not conflict with the decision of this court in the
case of Sedalia Railroad Co. v. Wilkerson, 83 Mo. 235;
because the language of the act construed in the De Giv-
erville case is so radically different from the language
of the act construed in the Wilkerson case that they can-
not give rise to conflicting rulings. The sections of the
two acts construed are neither the "same nor similar"
in legal effect. State ex rel. v. Reynolds, 175 S. W. 575.
(3) The opinion of the St. Louis Court of Appeals
does not conflict with the rulings of this court in any
of the following cases cited by the relator: Haskell v.
Worthington, 94 Mo. 573; Dickey v. Porter, 203 Mo. 1;
Bank v. Burrus, 178 Mo. 719; Christmann v. Mfg. Co.,
168 Mo. 634; St. Louis v. Contracting Co., 202 Mo. 312;
Roddy v. Railroad, 104 Mo. 234; because the facts in
those cases are neither "the same nor similar" in legal
effect to those in the De Giverville case and could not
therefore give rise to conflicting rulings. None of the
points discussed in these cases is the same or similar to
those discussed in the De Giverville case.

BLAIR, J.—*Certiorari.* Relator seeks to quash
the record of the St. Louis Court of Appeals affirming
a judgment rendered against him by the St. Louis City
Circuit Court in an action instituted by the De Giver-
ville Land Company, a corporation, to recover on a

stock subscription agreement.  It is contended the decision of the Court of Appeals conflicts with certain decisions of this court.

The relevant facts are that relator was one of a large number of persons owning realty in the vicinity of a railroad switchyard.  To rid the community of the noise and smoke emanating from this place it was determined to organize a corporation and purchase the property from the railroad.  Relator and 127 other property owners affected participated in this movement in its beginning.  They signed an agreement whose pertinent provisions are: ''The undersigned, each acting herein for himself and not for the other, hereby subscribe for the number of shares set opposite his or her name, in a corporation to be organized under the laws of the State of Missouri, as hereinafter provided.'' Then follow paragraphs stating the purpose of such corporation to be the acquisition of the switchyard mentioned, and proceeding: ''And we do hereby appoint as a committee'' six named persons ''as our attorneys in fact and agents'' to make the purchase and take, or designate a taker of, title ''for the benefit of the subscribers hereto, in the proportion of their respective subscriptions.  The said committee is hereby authorized by the undersigned to cause a corporation to be formed, with a capital stock equal to the total amount of the subscription hereto, to which corporation, when organized, the above described real estate is to be conveyed.'' Further, the committee, or its nominee, was authorized to borrow on the property any sum needed over and above the aggregate of the subscriptions.  All subscriptions were made payable on demand of the committee, when in their judgment the amount subscribed justified the purchase of the switchyard property.  Relator and 127 others signed this agreement and, as therein stated, set opposite their names the amount of their respective subscriptions.  Relator's subscription was $2500, the principal of the sum for which the circuit court gave

judgmènt against him. The subscriptions aggregated
$100,000. The gentlemen authorized by the quoted
agreement to do so, incorporated the De Giverville
Land Company, their names alone appearing in the ar-
ticles of association as stockholders. The corporation
thereupon purchased the desired tract of land, paying
therefor $100,000 in cash and mortgaging the property
for the remainder of the purchase price. The several
subscribers, except relator, paid in their subscriptions
as they had agreed. Relator, when demand was made
upon him in July, 1910, refused to pay, and subse-
quently the action mentioned was begun against him.
The $2500 relator had subscribed was advanced to the
corporation by another. Relator was not named in the
articles of association.

I. It is contended the opinion of the Court of Ap-
peals is in conflict with the decision of this court in
Sedalia, Warsaw & Southern Ry. Co. v. Wilkerson, 83
Mo. 235. In that case this court held
**Liability of** a railroad corporation organized under
**Subscriber to** section 764, Revised Statutes 1879,
**Corporate Stock.** could not recover upon a subscription
agreement, saying that the relation of stockholders in
a corporation could not, under that section, be created
in any mode other than by exact compliance with the
statutory provision; i. e., that only those became stock-
holders who signed the articles of association and set
out therein the number of shares they took; that in that
manner only could one, in the first instance, come into
the company as a stockholder. Under other sections
one might subsequently acquire stock and become a
stockholder, but a contract purporting to bind him to
take stock in the company, entered into before the com-
pany was organized, was not obligatory. We shall not
enter upon an effort to distinguish the statute (Secs.
3339 et seq., R. S. 1909) under which the De Giverville
Land Company was organized, from that involved in
the case to which we have just referred. In the case at

bar we are to determine whether it is the law that one bound by a contract whereby he subscribes a named amount of stock in a business corporation he assists in originating and which he authorizes his agents and at-torneys-in-fact to bring into existence, can, after such attorneys-in-fact and agents have organized the cor-poration, pursuant to his written authorization so to do, repudiate his contract, abandon his associates, take the benefit of the common enterprise and escape liability.

It is unnecessary to examine at length the criti-cisms which have been made of the rule approved in the Wilkerson case. The rule supported by reason and the weight of authority is quoted in Railroad v. Crow, 137 Mo. App. l. c. 466: "First, that the co-adventur-ers who sign such contract obligate themselves to each other and that the promise of each is a consideration for the promise of the others. Second, that the sub-scription is in the nature of a standing and continuing proposal to the corporation which is contemplated by the parties, and that when the corporation is called into existence and accepts the proposal, the minds of the contracting parties meet and the contract is obliga-tory."

In the case just referred to and in that before us the Court of Appeals has collected the authorities and they need not be set out here.

The rule is stated thus in 7 R. C. L. 222, sec. 192: "The law is fairly well settled that where parties pro-pose to form a corporation, and become shareholders therein, and such parties intend to become such share-holders, without further act upon their part, upon the incorporation of the company, and the agreement re-mains open and is unrevoked, and the corporation is formed in pursuance of it, and thereafter acts upon it by accepting the same, such agreement is valid and binding as a subscription to the capital stock of such corporation." This rule we think applicable to the facts of this case. The authorities referred to lead to

the conclusion that, at all events, the decision in the Wilkerson case, in so far as it conflicts with this holding, should be overruled. At least its application should be restricted to the particular facts in judgment in that case.

II. Other questions are discussed in the briefs. These arise chiefly out of the discussion by the Court of Appeals of problems confronting it in its effort to distinguish the Wilkerson case. Since we have disposed of that obstacle these matters become

Conflict in
Opinions Re-
moved: Judgment.

unimportant. Upon them it is unnecessary for us to express an opinion. We do not deem it necessary further to examine the opinion upon questions whose vitality is destroyed by the view we take of the Wilkerson case. 'The conclusion of the court was correct. The grounds upon which it distinguished the Wilkerson case cannot, in view of our conclusions as to the rule in that case, be considered as authoritative. With this qualification as to those portions of the Court of Appeals opinion, our writ is quashed. All concur. *Bond, J.*, in result.