THE HOME STOCK INSURANCE COMPANY, *Appellant*, v. SHERWOOD.

1. **Corporation**: LEGALITY OF ORGANIZATION CANNOT BE QUESTIONED BY STOCKHOLDER. A stockholder in a corporation cannot escape liability upon his stock note by showing that the corporation was not organized in strict conformity to law, as for example, by showing that instead of the cash payment required by law to be made by all subscribers of stock, the corporation had accepted notes secured by mortgage on real estate.

2. ———: IRREGULAR TRANSFER OF STOCK: STOCK NOTE. Equity will protect the claims of the holder of stock irregularly transferred, and if the corporation goes into liquidation, will authorize it to enfore a stock note given by the transferrer in payment of the stock in order to provide means for its redemption.

3. ———: TRANSFER NOT IMPEACHABLE BY TRANSFERRER. One who has transferred a stock certificate for value, cannot afterward, in his own defense, object to the transfer on the ground that it was not made in the mode prescribed by the by-laws or charter.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

REVERSED.

*Loan & Mosman* for appellant.

1. Respondent having given the note and mortgage to the appellant, is estopped from denying the existence of appellant as a corporation. Angell & Ames on Corp., (9 Ed.) § 635.

2. Respondent has had the benefit of the money paid by his securities, and now seeks by this defense to destroy the value of said certificate, which they received of him as their indemnity. It would be inequitable and unjust to let the respondent keep the land after having enjoyed the money.

3. It is true that the company resolved to go into liquidation and did not need the balance due on the note and mortgage to pay the creditors of the company. But it did require said balance to refund to the holders the fifty per cent paid on the certificate of stock issued to respondent. The company was responsible to the owners of said stock for the money paid on it. It has refunded to the other stockholders the amount paid for their stock, by surrendering the notes and entering satisfaction of the mortgages thereof, and receiving a surrender of their certificates of stock.

*James P. Thomas* for respondent.

1. The actual payment of fifty per cent of the stock subscribed for in cash by the subscribers, was an essential condition precedent to the incorporation of plaintiff. Laws of Mo. 1869, pp. 47, 50, §§ 5, 6, 7 and 15; *Occidental Ins. Co. v. Ganzhorn*, 2 Mo. App. Rep. 205; *Oldtown R. R. Co. v. Veazie*, 31 Me. 577; *Fire Department v. Kip*, 10 Wend. 266.

2. Plaintiff went into liquidation, adjusted and settled up in full all of its liabilities, dissolved, and none of the money sued for will be needed in the prosecution of its business, or in closing up its affairs.

3. The certificate of stock was transferred to Weakley, Albin and Hawley, by a simple delivery thereof, and that was the only manner in which it was pledged to indemnify

them. No transfer thereof, or other entry in regard thereto, was made on the books of the pretended corporation. This is a nullity. Gen. Stat. 1865, p. 362, § 41.

HOUGH, J.—The plaintiff was organized as an insurance company, other than life, in February, 1870, under an act of the general assembly approved March 10th, 1869. The capital stock of the company was $100,000, divided into shares of $100 each. Section 15 of the act provided that a company formed on the joint stock plan for the purpose of doing either of the kinds of business mentioned in the 1st section, should not commence to do business if the capital of said company named in the charter should be less than $200,000, until the whole should have been subscribed, and $50,000 paid in, and that the amount required to be paid in before the company could proceed to do business, should be held in cash or invested in Treasury notes, and stocks of the United States, or in stocks and bonds of the State of Missouri, or in bonds and mortgages or deeds of trust on improved unincumbered real estate, worth at least double the amount loaned thereon. Acts 1869, p. 51. The defendant subscribed for sixty shares of the stock, and executed his note for $3,000, secured by a mortgage on real estate for the cash payment, 50 per cent. Shortly after the company commenced business, by a vote of its directors, it went into liquidation, and after the adjustment and settlement of its liabilities, it was ascertained that premiums received, and interest collected on the cash notes, furnished a sufficient amount to pay all demands against the company, and the proper officers were instructed to release the mortgages of those stockholders who returned the certificates of stock issued to them by the company. This is a suit on the note and mortgage executed by defendant, who has failed to return his certificate of stock, alleging in his answer that "it is not in his possession or control," nor has been, since the month of June, 1870, but by the answer releasing and relinquishing to the company all his

interest, or right in and to the certificate of stock. It appears that the certificate of stock issued to him was delivered to three parties to hold as an indemnity to them for indorsing his note to the German Savings Bank for $4,000, which his said sureties had to pay.

The point he relies upon to defeat this action is, that section 15, *supra*, was violated in the provision requiring fifty per cent of the stock to be paid in cash, and that the company had no corporate existence or right to transact business as a corporation until that provision was complied with. Without determining whether there was a substantial compliance with that requirement or not, it is sufficient to say that defendant assisted in the organization of the company, and " will not be permitted to escape the duty he assumed when he subscribed for the stock, upon the ground that the company was not organized in strict conformity to law." *Central Plank Road Co. v. Clemens*, 16 Mo. 365.

The defendant's offer, in his answer, to release to the company his interest in the certificate, is rather cool, following his distinct allegation that it had not been in his possession or control since June, 1872, and in view of the fact that it was then held as collateral security for $4,000, which the indorsers of his note to the bank have been compelled to pay for him. Whether they have acquired a right to it in the manner prescribed by the charter or by-laws of the company or not, equity will protect their claim to the certificate, and the company has the right to recover of defendant the amount of his note, in order to provide means for the redemption of the certificates issued to him.

He is not the party to raise the objection, that the acquisition of the certificate by the holder, was not made in the mode prescribed by the by-laws or charter, when it is shown that for a valuable consideration he delivered it to them, with the purpose of investing them with the right he had to it. The judgment, which was for the defendant, is reversed and the cause remanded. All concur.