## CENTRAL PLANK ROAD Co., Respondent, *vs.* CLEMENS, Appellant.

1. Under the law of 1851, authorizing the formation of companies to construct plank roads, a stockholder, who assists in the organization of the company, will not be permitted to escape from his liability to pay for his stock, upon the ground that the company was not organized in strict conformity to the law.

2. Nor on the ground that no legal notice was given of the election of directors.

3. It is no defence to a suit for an instalment upon stock in a plank road company, that there has been a departure from the route proposed in the articles of association.

*Appeal from St. Louis Law Commissioner's Court.*

This was a civil action to recover instalments assessed on stock subscribed by Clemens. The petition alleges that the plaintiff is a corporation, duly organized under the act of February 27th, 1851. It also alleges that the defendant and others entered into and subscribed articles of association, for the purpose of owning and building a plank road in St. Louis county, &c., &c., a copy of which articles is made an exhibit in the cause. It also alleges that, after there had been more than enough stock subscribed to amount to the sum of one thousand dollars per mile, a copy of the articles, sworn to by two of the subscribers, was filed in the office of the Recorder of St. Louis county, on the 24th of May, 1851; that each share of stock was one hundred dollars, and that the defendant subscribed for five shares; that the association was duly organized on the 5th of June, 1851, by the election of directors and other officers, according to the act of the general assembly, and that the defendant was present and voted at the election. The petition also states, that calls were made by the directors on the stock of the defendant and others, and that payment was demanded of him according to the act, and prays judgment for the amount of the calls.

The defendant answers and admits that said plaintiff is a corporation, so far as the matters stated in the petition constitute a corporation, provided all stated therein be true, and he also admits that he subscribed five shares of stock. The answer then sets up, that the president and directors of the company, in locating the road, unnecessarily and improperly departed from the route designated in the articles of association. Afterwards, the defendant filed an amended answer, in which he states that he was under a mistake as to certain matters when he filed his original answer, and then alleges that he has been informed and believes the fact to be that the company never was legally organized, so as to become a corporation. The answer then " denies that the amount of stock, as required by law, had been duly subscribed before the election of

officers," and also denies that due notice had been given of the time and place of holding the election.

When the cause was called for trial, the plaintiff moved for judgment on petition and answer, and the court sustained the motion and rendered judgment for the amount for which the defendant was, according to the finding of the court, indebted to the plaintiff.

. *T. B. Hudson,* for appellant, insisted that the change of the route of the road, without the consent of Clemens, absolved him from all liability to pay the amount of stock subscribed. 8 Mass. Rep. 268. 10 ib. 393. It was tantamount to an alteration of the charter. 5 Hill, (N. Y.) Rep. 383.

. The court below erred in refusing to allow the defendant to show that the amount of stock, as required by law, had not been subscribed. Any one sued by a corporation may deny its legal existence and require proof that it has complied with all the conditions imposed by law. 14 Johns. Rep. 416. 10 Wend. 269.

*Frémon & Reber,* for respondent.

I. The plaintiff is a corporation *de facto,* organized under color of law, and therefore has the right to sue. See session acts of 1850 and '51, page 259. This is all the plaintiff would have to prove on an issue of *nul tiel corporation.* Angell & Ames on Cor. 572.

II. When a corporation has gone into operation, and rights have been acquired under it, every presumption should be made in favor of its legal existence. Ib. 573. *Road Co.* v. *Creeger,* 5 Harris & Johnson, 122.

III. Persons in the possession and actual exercise of corporate rights shall be considered rightfully there, even when the charter is granted on a condition precedent. Ang. & Ames, 58. *Tar River Navigation Co.* v. *Neal,* 3 Hawks, (N. C.) R. 520.

IV. It cannot be set up in defence to an action by a corporation that the election of the officers was irregular, or that any other preliminary matter had been irregularly done. *Trus-*

23—VOL. XVI.

*tees of Vernon Society* v. *Hills,* 6 Cowen, 23. *Charitable Association* v. *Baldwin,* 1 Metcalf, 364. *All Saints Church* v. *Lovett,* 1 Hall, (N. Y.) 197. *Turner* v. *Baynes,* 2 H. Blackstone, 559. 19 Wend. 135. *McFarlan* v. *The Triton Ins. Co.* 4 Denio, 392. *Centre Turnpike R. Co.* v. *McConaby,* 16 Serg. & Rawle, 145.

V. Nor can it be shown in defence that the charter has been forfeited by nonuser or misuser. Angell & Ames, 575, 746. 5 Johns. Ch. R. 366. 5 Ala. Rep. 805. 6 Vermont Rep. 323. 7 Met. 595.

VI. Non-compliance with its charter by a turnpike company, as to the construction of the road, is *per se* a misuser, forfeiting the privileges of the company. *People* v. *Kingston & M. T. R. Co.* 23 Wend. 193.

In the case at bar, the petition stated sufficient facts to entitle the plaintiff to recover, and the defendant specifically denies no material allegation in his answer. The court, therefore, did right in rendering judgment for the plaintiff.

The denial in the defendant's amended answer, that the amount of stock, as required by law, had been duly subscribed before the time of the election of directors, is wholly immaterial and does not put in issue the fact intended by the pleader.

The plaintiff became a corporation as soon as the articles of association were filed in the Recorder's office. See section 33 of the act.

The cases cited by the counsel for the appellant from New York and Massachusetts, to show that a defendant may set up the defence, that a road company departed from the route mentioned in the charter, show that after the defendants had subscribed for stock, the charters were altered by the legislature without their consent, and in this are totally different from the case at bar.

GAMBLE, Judge, delivered the opinion of the court.

The judgment below having been rendered upon the petition and answer, upon the motion of the plaintiff, the only ques-

tion to be determined is, whether the original or amended answer sufficiently denied any material allegation of the petition, to require its proof by the plaintiff, or alleged any fact as a defence which would bar the plaintiff's right of recovery.

The act of the 27th of February, 1851, " allows persons to form themselves into a corporation for the purpose of constructing a plank road, by complying with the requirements of the act." In order to create the corporation, articles of association are to be signed, setting forth the " name which they assume, the beginning, termination and route of the road they purpose to construct, and its general plan ; the amount of the capital stock of the company ; the amount of each share ; the names and residence of the subscribers ; and the amount of stock taken by each ; the term of years to which the existence of the association shall be limited, which shall not exceed thirty ; and the number of directors proposed to be elected, which shall not be less than three nor more than nine." It is next provided that " whenever the stock subscribed amounts to one thousand dollars per mile of the proposed road, a copy of the articles of association, sworn to by at least two of the subscribers thereto, shall be filed in the office of the recorder of each county through which the road passes." The thirty-third section provides that "associations, framed under the provisions of the act, shall, from the filing of said articles with the recorder, be corporations known by the name they may assume in their articles of association."

The petition states the facts which, under this act, would constitute the association to which the defendant belonged, a corporation.

The defendant's original answer admits the existence of the facts which constituted the plaintiff a corporation, and alleged, by way of defence to the action, that the president and directors had located the road in such manner as very materially to depart from the route mentioned in the articles of association, and that such departure was without any necessity, but was made from an improper subserviency to the wishes of individ-

uals and against the interest of the company. Upon this ground of a change in the route of the road from that prescribed in the articles, the defendant claimed to be exonerated from all obligations to pay for his stock. The amendment to the answer retracts the admission that the plaintiff was, under the act, constituted a corporation, and denies " that the amount of stock, as required by law, had been duly subscribed before the election of the officers of the said supposed company." He also denies " that due notice of the time and place for holding the election of officers was given, as required by the law above referred to."

The three grounds of defence stated in the answer, naturally take this order : 1st, that the amount of stock required by law to be subscribed before the articles of association were filed in the Recorder's office, was not subscribed ; 2d, that there was not legal notice given of the election of the officers, and, 3d, that the president and directors, after they were elected, had caused the road to be located on a route different from that proposed in the articles of association.

1. In regard to the first point, the allegation of the petition is, " that after there had been more than enough stock subscribed to amount to one thousand dollars per mile of the proposed road, a copy of the articles was filed," &c. The answer to this allegation, instead of specifically denying it, says " that the amount of stock, as required by law, had not been duly subscribed before the election of the officers of said alleged company."

But what is the effect of the fact here alleged, and how can it avail the defendant ? The act of the general assembly provides a mode by which the subscribers for stock in a company, which proposes to make a plank road, may obtain the name and privileges of a corporation. When the act is complied with, and a copy of the articles of association filed in the recorder's office, the incorporation is complete. It is undoubtedly true, that a defendant, in an action commenced by such corporation, may put the plaintiff to the proof of the facts

which confer the corporate character ; but, in the present case, the question arises whether the defence, which is attempted to be made, can be allowed to this defendant. It is alleged, not only that the requisite amount of stock was subscribed, but that when the company was organized, under the charter, and officers elected, the defendant was present at the election and voted as a member of the company. In the *President, Managers & Co. of K. & C. Turnpike Co.* v. *McConaby*, 16 Serg. & R. 140, it was held, that when a corporation was created under an act which provided " that when six hundred shares had been subscribed, the commissioners should certify that fact to the Governor, who should thereupon, by the name of the president," &c., a subscriber for stock could not dispute the corporate character of the company, on the ground that three hundred of those six hundred shares had been subscribed fictitiously, when it appeared that the defendant, who was sued upon his subscription, had accepted the charter and acted upon it. In that case, it appeared that the defendant was one of the seven persons named in the charter, that he advertised the election of managers and voted by proxy. The same doctrine is maintained in the *Selma & T. R. R. Co.* v. *Tipton*, 5 Ala. 807, and Chief Justice Collier applies the law of estoppels *in pais*, to the defence thus attempted by the subscriber for stock, who has participated in the organization of the company and then denies its corporate character, because of a failure to comply with some of the requirements of the statute under which it claims being.

In the present case, as it stands admitted upon the record, that the defendant has assisted in the organization of this company, he will not be permitted to escape the duty he assumed when he subscribed for the stock, upon the ground that the company was not organized in strict conformity to the law.

2. The second ground of defence, that there was not legal notice given of the election of directors, is not entitled to consideration in this case. The insufficiency of the notice of the election has no effect to discharge the defendant from his promise to pay for his stock.

3. The third ground of defence is equally unavailing. If the directors of the company, in locating the road, have departed from the route proposed in the articles of association, so as in fact to make it a different enterprise from that in which the defendant engaged, and different from that which is authorized under the law, they have violated their duty to the company and to the law, but not more to the defendant than to every other member of the company. If their act stands as the act of the company, and is such a departure from the route proposed in the articles, as to be a different enterprise, then the whole corporate franchise may be taken from the company by the appropriate proceeding. But in the present suit for an instalment due upon the defendant's stock, this question cannot arise. The authorities cited from New York and Massachusetts, to show that an alteration in the charter of an incorporated company, made after the original subscription of the stock, materially changing the character and objects of the company, discharges a subscriber from his obligation to pay upon his original subscription, when he has refused to consent to any such alteration, do not apply to a case like the present. Let the judgment be affirmed.