————o————

KANSAS CITY HOTEL Co., Defendant in Error, *vs.* R. H. HUNT, Plaintiff in Error.

1. *Corporations—Capital stock, increase of—Meeting of stockholders—Certificate, defects in—Subsequent subscription.*—Where a meeting of stockholders, touching increase of capital stock, is held pursuant to the statute, (Wagn. Stat., 335-6, § 12,) but the certificate of the proceedings fails to state "the amount of capital stock paid in" and "the whole amount of the debt and liabilities of the company," such defects will not defeat a recovery for the amount of his subscription against a stockholder, where it appears, that his shares were subscribed subsequent to the date of the certificate, and the facts are sufficient to raise the presumption that defendant subscribed, with a knowledge of the defects and waived the same. But the mere subscription without any payment thereon, or any other act of recognition, will not bind the defendant.

*Error to Jackson Circuit Court.*

*Wm. E. Sheffield,* for Plaintiff in Error.

*Lay & Belch and Brown & Case,* for Defendant in Error.

NAPTON, Judge, delivered the opinion of the court.

This action was to recover the amount of subscription made by the defendant to the increased capital stock of the Kansas City Hotel Company. The subscription was made subsequent to the formation of the company under the general corporation law, and after an increase of stock was assumed to have been made in accordance with the provisions of the 11th and 12th sections of the 7th article of the act concerning corporations. The original amount of stock was 40,000 dollars, and in pursuance of a resolution of the stockholders at a meeeting held in accordance with the provisions of the statute, the stock was increased 80,000 dollars.

The only defense relied on, was that the chairman and secretary of the meeting of stockholders, at which the increase of stock was voted, did not, in their certificate purporting to be in conformity to the 12th section of the 7th article, certify the "amount of capital paid in " nor " the whole amount of the debt and liabilities of the company." In other respects this certificate is conceded to have been in conformity to the statute. The Circuit Court held this omission to be fatal to the case and so declared in an instruction, and thereupon, the plaintiff took a non-suit with leave, etc. And whether this omission in the certificate was a bar to a recovery, under the circumstances of this case, is the only question presented by the record.

That the Kansas City Hotel Co. was duly organized under the general law concerning incorporations, is not denied; that the directors of the company published the notice required by the 11th section of the 7th article of the act concerning Incorporations, and gave due notice to the stockholders of the time and place of meeting to decide on the question of increasing the stock, was proved, and that a meeting of the stockholders under such notice was held, and that at such meeting, two-thirds of the stockholders voted to increase the stock to 80,000 dollars, is also conceded; that the chairman and secretary of this meeting gave a certificate purporting to be in compliance with the 12th section of the arti-

cle aforesaid is also conceded; and that this certificate was duly recorded, and that it complied in all respects with the statute, except in two particulars above mentioned, is also admitted or proved. This certificate failed to show the amount of paid up stock and the amount of debts and liabilities of the company.

The company was organized on the 14th day of April, 1868; the meeting of the stockholders to vote on a proposed increase of stock was held on the 9th of May, 1868, and the certificate of the chairman and secretary was filed on the 19th of May, 1868.

It does not appear when the defendant subscribed, but it seems the second call made on him was on May 4th, 1868, from which it may be inferred, that this subscription was shortly after the organization of the company and the increase of stock, though it is evident the dates are incorrect. It however appears from the record, that the organization of the company and the increase of stock and the subscription of defendant occurred in rapid succession, within a very short time, in the months of April, May and June, 1868.

The court instructed, that unless a certificate of the proceedings of the meeting of stockholders, held to increase the capital stock of plaintiff, showing a compliance with the law and the amount of capital stock actually paid in, the whole amount of debts and liabilities of the company, and the amount to which the capital stock should be increased, was made, duly signed and certified by the affidavit of the chairman and countersigned by the secretary; and such certificate was acknowledged by the chairman, and recorded in the recorder's office of the county, the capital stock of plaintiff was not increased, and the plaintiff cannot recover; and further, that there is no evidence that such certificate has ever been made out and recorded. The question is, whether the defendant who subscribed ten shares of stock, after these proceedings, may avail himself of the omissions in the certificate in order to avoid the payment of his subscription.

The 12th section of the act is very explicit in requiring the certificate to state the amount of paid up stock, and the amount of debts and liabilities of the company, and that when the certificate is so recorded, the capital stock of the company shall be increased or diminished, etc.

It is well settled, that parties recognizing the existence of corporations, have no right to object to irregularities in their organization. If the State chooses to tolerate such irregularities, it is not for individuals to question these acts, certainly not for individuals who make contracts with them.

The defendant's subscription was a contract with the company, and recognized the existence of increased stock. In point of fact, the stock had been increased, but the certificate of the increase did not in all respects comply with the law.

The certificate was imperfect, but, as it was on the public records, it was open to the inspection of all who desired to subscribe. If there were defects in it which would have influenced the defendant in his subscription, he had the opportunity of informing himself as to the facts. He chose to subscribe to the stock, the increased stock *de facto*.

In the Methodist Episcopal Church vs. Pickett, (19 N. Y., 486,) it was observed by Judge Selden, that "the imperfection of the record cannot be taken advantage of by a private individual who has entered into engagements with the corporation. The rightfulness of its existence not being in issue, of course evidence of any irregularities or defects in its organization, short of such as would show a want of good faith on the part of those concerned in the proceedings, would be wholly irrelevant. If the law exists, and the record exhibits a *bona fide* attempt to organize under it, very slight evidence, if any, beyond this, is all that can be required." In this case the question is not as to the existence of the corporation, but as to its increase of stock, though it will be observed, that in point of time the facts may be regarded as contemporaneous.

There could not be a doubt that the defendant, if there had been proof of his participation in the proceedings of the cor-

poration in any shape, would have been held liable on his subscription. But there is no such proof. A defect in a certificate, it is well settled, is not available to a stockholder who has, by his conduct, waived the defect. In this case, the organization of the company is speedily followed by an increase of stock. The defendant, who subscribed to the increased stock, seems to occupy no better position than the original stockholder; any exposition of the matter required by the statute, in regard to the liability of the company and the money paid up, would hardly have influenced his action, in subscribing.

The cases in regard to this point have been examined, and they all agree, that where the subscription has been acquiesced in, either by the payment of part of the subscription, or by becoming a director, or by attending meetings of stockholders, or by any other act indicating an acquiescence in the validity of his subscription, his defense based on mere technical objections will be disregarded. But the present case is peculiar, in that it shows nothing but the bare act of subscribing; nor is the date of the subscription averred or proved. It appears, that the ten per cent. required by the articles of association to be paid on subscription, was never paid; that the defendant never took any part in the company's acts, except to subscribe. It is not shown but that the defendant subscribed before the certificate of the chairman and secretary of the stockholder's meeting was recorded. But we must presume it was made afterwards; since the plaintiff alleges so in his petition.

We are unable to see that the declaration of law made by the court was wrong, under the proofs in the case. There was no explanation given by the plaintiff, of the action of the original stockholders, or of subsequent subscribers. Whether any stock had been paid in, whether any debts had been contracted when the defendant subscribed, does not appear. There are many facts which would influence this court in regard to the propriety of the abstract proposition announced by the Circuit Court, but those facts are not before us upon the case as presented; we

therefore see no grounds for reversal, although we do not concur in the proposition of the Circuit Court as an abstract proposition, applicable to all cases.

Judgment affirmed; the other judges concur. ·