J. D. Davis *et al.*, Appellants, v. Joseph Johnson, Respondent.

St. Louis Court of Appeals, April 5, 1892.

Contract of Subscription: RIGHT OF ACTION. If the subscribers to a subscription list thereby agree with a person named to pay him their respective subscriptions upon the erection of a certain building by him, he can, upon the execution of the agreement on his part, enforce the payment of the subscription by suit. Nor will the

non-performance of an agreement, made by the subscribers among themselves, and not by the persons contracted with, constitute any defense to such a suit.

*Appeal from the Dent Circuit Court.*—Hon. C. C. Bland, Judge.

Reversed and remanded.

*L. Judson* and *L. B. Woodside*, for appellants.

The subscription made by defendant and promise by him to pay the sum of $100 was a valid promise, and the plaintiffs having complied with the terms of their contract were entitled to recover the amount of the subscription from the defendant. *Workman v. Campbell*, 46 Mo. 305; *Koch v. Lay*, 38 Mo. 147. The contention of defendant was that Jones, having subscribed the $100 to the articles of incorporation, released the defendant from his obligation. The company could not be incorporated until all of the stock had been signed. G. S. 1889, sec. 2768, p. 705. It was necessary for the articles of agreement to be signed by all of the stockholders. G. S. 1889, sec. 2769. When Johnson refused to sign the articles and refused to pay the money, plaintiffs' right of action accrued, and the subsequent act of Jones in signing the articles of incorporation did not estop plaintiffs from demanding the money of defendant.

No brief filed for respondent.

Rombauer, P. J.—This is an action upon a contract of subscription. The plaintiffs agreed in writing with the defendant and a number of other subscribers that, in consideration of $5,800, subscribed for and to be paid to them, they would erect at Salem, Missouri, a butter and cheese factory of certain dimensions and capacity. By the terms of the contract the subscribers agreed to accept the building as soon as completed, and to pay the amount set opposite their respective names. The subscription paper further provided that as soon as

the amount of $5,800 was subscribed, or within a reasonable time thereafter, the subscribers would incorporate, fixing the aggregate amount of the stock at $5,800, to be divided into shares of $100 each, said shares to be issued to the subscribers in proportion to their paid-up interest. The defendant signed this paper, setting the sum of $100 opposite his name.

The suit was brought before a justice, where the plaintiffs had judgment. Upon the trial in the circuit court, the plaintiffs introduced the subscription paper and proved the defendant's signature thereto for the amount stated. They also proved that the entire amount of $5,800 had been subscribed for, and that they had completed the building according to the terms of the subscription paper, and turned it over to the corporation formed by the subscribers, receiving in return the entire amount of subscription, less the $100 subscribed for by the defendant.

The plaintiffs also gave evidence tending to show that, when the corporation was formed, the defendant was requested to subscribe the articles as one of the corporators, but declined to do so on the ground that he had never signed the contract of subscription. As it was necessary under the laws of the state that some person should subscribe for this $100 of stock to secure an incorporation in the amount mentioned in the contract of subscription, another person did subscribe therefor, but the stock issued to him was tendered to the defendant upon the trial.

Upon this evidence the court declared as a matter of law that the plaintiffs could not recover, and rendered judgment for the defendant. This is the error complained of.

As we have not the benefit of any brief from the respondent, we are not advised of his theory, or the theory of the court. We can conceive of no theory

which would uphold the judgment rendered. The defendant had filed an answer, in which he alleges as a defense, among other things, that another person took the $100 of stock to which he would have been entitled in case he would have become a stockholder of the proposed corporation, and that all of the stock of the corporation had now been subscribed and paid for. That question is entirely foreign to this controversy. As soon as plaintiffs had completed their part of the agreement and delivered the building to the subscribers, or their representatives, their right of action against each of the subscribers for the amounts subscribed by them respectively became complete. *Workman v. Campbell*, 46 Mo. 305; *James v. Clough*, 25 Mo. App. 147. The plaintiffs did not agree to incorporate the subscribers, but the subscribers agreed to incorporate themselves. The plaintiffs' contract was not with any corporation thereafter to be formed, but with each individual subscriber, and their cause of action did in no sense depend upon the fact, whether the subscribers did or did not form a corporation, or did or did not give to the defendant any stock.

We mention these facts, because in the absence of any other explanation we presume the court nonsuited the plaintiffs on the ground that some one else had subscribed with the knowledge of the plaintiffs for the $100 of stock to which defendant would have been entitled, had he paid his subscription, and that such fact appeared by plaintiffs' evidence. While that fact amounts to no legal defense whatever, it is not even entitled to an equitable consideration, because the stock certificate was tendered to the defendant upon the trial, removing any vestige of ground for complaint on his part.

In view of a retrial of the cause, we direct the attention of the trial court to *James v. Clough, supra*, where

the other defense sought to be set up in the defendant's answer is substantially disposed of.

All the judges concurring, the judgment is reversed and the cause remanded.