THE KIRKWOOD GYMNASIUM AND ARMORY HALL ASSO-CIATION, Respondent, v. EUGENE VAN NESS, Appellant.

St. Louis Court of Appeals, March 12, 1895.

1. **Corporation**: PROOF OF MEMBERSHIP. The name of the defendant appeared among those of the incorporators in proceedings for the incorporation of an association for educational and other purposes, but he denied that its use had been authorized. It appeared, however, that he had paid monthly dues as a member of the association for nine months after its organization. *Held*, that the trier of facts was warranted in finding that he was bound as a member for subsequently accruing dues.

2. ———: CRITERION OF LIABILITY AS STOCKHOLDER. *Held,* in the course of discussion, that the criterion of the liability of a subscriber to stock in a corporation is whether any act has been done by which the corporation has been forced to receive the subscriber.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Zach. J. Mitchell* for appellant.

*O. J. Mudd* for respondent.

BOND, J.—Plaintiff sued the defendant upon an account alleged to be due for fifteen months—June, 1892, to August, 1893, inclusive—as per subscriptions to articles of agreement at $3 per month. The action was begun before a justice, where plaintiff had judgment. It was thence appealed to the circuit court where plaintiff also recovered judgment, from which defendant has appealed to this court.

On the trial in the circuit court there was evidence tending to show that defendant signed articles of association and subscription, whereby it was proposed to erect a town hall in Kirkwood suitable for armory, entertainment and other public purposes, the cost whereof was not to exceed $9,000, which was to be borrowed from a building association and to be repaid by monthly dues of $3 from each subscriber, and, that a board of trustees, created under this agreement for the management of the affairs of the association, on the ——— day of October, 1891, secured an incorporation of the association by decree of the circuit court. Said trustees finding that the expense of construction would exceed $9,000, called a public meeting for October 17, 1891, whereat it was decided to build the building at a cost of $11,000. This meeting being sparsely attended,

the trustees sent out a notice of its proceedings to absent members of the association, enclosing therein a card approving the results of the meeting, to be signed and returned; that about sixty or sixty-one of these cards were received duly signed by the parties to whom they were addressed. There was evidence tending to show that the defendant signed and returned one of said approval cards to the trustees, which, however, was not produced on the trial; that the question of incorporation of the association was discussed at a meeting where it was explained to the subscribers present that a donation of ground was proffered conditioned upon such incorporation, whereupon the trustees were directed to take the necessary steps to procure a charter. Defendant was joined as an incorporator, and paid his monthly assessments for about nine months thereafter. The defendant testified that he did not know of the incorporation of plaintiff prior to the beginning of this suit; nor did he approve the proceedings of the meeting authorizing the construction of the building at an increased cost. No instructions were asked or given, nor any exceptions preserved to the admission or exclusion of evidence.

The only question, therefore, for determination is whether the judgment can be supported on any theory of law applicable to the facts. Two issues were presented by the evidence in this case: *First,* whether or not defendant approved the proceedings of the public meeting wherein the trustees of the subscribers were empowered to contract for the town hall at $11,000 instead of $9,000. Notwithstanding the denial by defendant of any knowledge of the proceedings of the meeting in question, there is evidence to the contrary in the record. In the first place witness Donovan stated that he thought Doctor Van Ness (defendant) signed and returned one of the cards approving the action

of the subscribers at said meeting, and that the card was at one time in the possession of the witness. It is true this statement was not made in positive terms, but that fact did not deprive it of all probative force. It was objected to, and expressed some degree of affirmative recollection on the part of the deponent. The trier of the fact was, therefore, entitled to give it credence, as he seems to have done in this case. In addition on this point, the cross-examination of defendant shows that he admitted, in a conversation held before the trial, the receipt of the card requesting an approval of this meeting and its signature by himself. It is true he endeavored to avoid the force of this admission by explaining that it was not made for the purpose of being believed. The evidentiary force of an admission shown to have been made can not be annulled by a subsequent assertion that it was not true when uttered. It is for the trier of the fact to say whether it was true or false when made. The circuit judge had the right, therefore, to treat this admission of the defendant as evidentiary of the approval by him of the proceedings of the meeting in question.

. The next issue presented is whether or not the defendant was liable, as a member of the corporation, for the monthly assessments sued for. There is inferential evidence that he paid the assessments made against him as a member of the corporation for nine months after its organization. This action on his part was indicative of a waiver of any objections which he might otherwise have urged to his liability as a subscriber. As was said by Judge NAPTON in discussing the question of liability of a subscriber to a corporation, whose stock was *illegally* increased: "The cases in regard to this point have been examined, and they all agree that, where the subscription has been acquiesced in, either by the payment of part of the

subscription, or by becoming a director, or by attending meetings of stockholders, or by any other act indicating an acquiescence in the validity of his subscription, his defense based on more technical objections will be disregarded." *Kansas City Hotel v. Hunt,* 57 Mo. *loc. cit.* 130. In the present case the legality of the incorporation is unquestioned. The only defense on this point is that defendant never authorized the use of his name as an incorporator. Waiving any discussion of the effect of the recitals in the proceedings of incorporation, the fact that defendant continued to pay, and the corporation received, his assessments as a member thereof for the length of time shown in this record, warranted the trier of the fact in finding a waiver of a more formal subscription. The corporation, having accepted his payments to it of assessments made against him as a member, became bound to receive him as such in all respects, and was, therefore, entitled to the correlative right of enforcing against him the dues appertaining to membership. The rule on this subject has been thus expressed by a recent text writer: "The criterion of the liability of a subscriber to stock in a corporation is, whether any act has been done by which the corporation has been forced to receive the subscriber." 2 Waterman on Corporations, p. 7; 1 Spelling on Private Corporations, section 318. As the record in this case furnished substantial evidence to sustain the findings of the circuit court on the two foregoing issues, the judgment will be affirmed. All concur.