NEWLAND HOTEL Co., Respondent, v. CHARLES L. WRIGHT, Appellant.

Kansas City Court of Appeals, January 10, 1898.

1. **Evidence:** PAROL: VARYING WRITTEN CONTRACT.    A subscription to the stock of a corporation can not be varied by parol evidence showing a contemporaneous understanding to accept payment in property and not money.

2. **Corporations:** SIGNING ARTICLES: SUBSCRIPTION: ESTOPPEL.    A subscriber to the capital stock of a corporation will not be allowed to plead as a discharge from his subscription that he did not sign the articles as the statute requires when he at the preliminary meeting of the stockholders voted his stock, authorizing nine of the stockholders to complete the corporation and sign as holders of all the stock.

*Appeal from the Jasper Circuit Court.*—HON. JOS. D. PERKINS, Judge.

AFFIRMED.

*Frank L. Forlow* for appellant.

(1)    Parol evidence was admissible to show the contract that Wright made with reference to the manner in which his subscription should be paid.    Browne on Parol Evidence, p. 126; Laws of 1891, p. 77, sec. 2769; Greenl. Ev., sec. 284a; *College v. Robertson*, 67 Mo. App. 329; *Johnson v. University*, 41 Ohio St. 527; *Roberts v. Moudy*, 29 Mo. App. 26; *College v. Tuttle*, 33 N. W. Rep. (Iowa) 174; *Schuler v. Myton*, 48 Kan. 282.    (2)    Wright did not sign the articles of agreement, and the fact that he signed the subscription list does not make him liable in this case, and he never

became a shareholder, and, as we think, he was not bound to become a stockholder, or the company after its incorporation compelled to receive him as such. *Company v. Griffin*, 24 N. Y. 150; *R. R. v. Curtis*, 80 N. Y. 219; 13 Ohio St. 84; 72 Ill. 397; Cook, Stock and Stockholders, sec. 62; R. S. 1889, secs. 2768, 2769, 2770; Laws 1891, p. 77.

*A. H. Redding* for respondent.

(1) An agreement to take shares in a corporation to be formed inures to the benefit of the corporation when organized in pursuance of the subscription. *Sappington v. R. R.*, 14 Mo. App. 91; *Ollesheimer v. Mfg. Co.*, 44 Mo. App. 181; *Machine Co. v. Davis*, 40 Minn. 110; *Hauser v. Thompson*, 56 Mo. App. 89, and cases cited; *Hotel v. Smith*, 13 Mo. App. 7. (2) The subscribers had a right to agree that the nine members might subscribe for all the stock in the articles of incorporation and then have the stock issued to each subscriber in proportion to its subscription, the subscriber not being injured thereby. Beach on Priv. Corp., p. 900, sec. 557; *Fath v. Ry*, 105 Mo. 549; *Davis v. Johnston*, 49 Mo. App. 240; *R'y v. Daniel*, 2 Eng. R'y Cases, p. 728; *Association v. Walker*, 83 Mich. 386; *Mfg. Co. v. Briton*, 2 Mo. App. 290. (3) The court properly excluded from its consideration all testimony introduced by the defendant tending to prove that it was agreed at the time he signed the subscription paper that his subscription should be payable only in hard oils and wall paper, or other material other than money. *LaGrange v. Mays*, 29 Mo. 64; *Pickering v. Templeton*, 2 Mo. App. 425; *Haskell v. Sells*, 14 Mo. App. 91; *Joy v. Manion*, 28 Mo. App. 55; *Ollesheimer v. Mfg. Co.*, 44 Mo. App. 172, and cases there cited.

Thompson on Stockholders, sec. 121; *Griswald v. Seligman*, 72 Mo. 120; *Baile v. Educational Society*, 47 Md. 117; *Noble v. Callender*, 20 Ohio St. 199; and *Henry v. R. R.*, 17 Ohio St. 187, as to payment in goods.

GILL, J.—In February, 1896, the defendant and fifty-two other citizens of Webb City, Missouri, signed an agreement in writing whereby each promised to pay the amount set opposite his name "for the purpose," as stated, "of forming a stock company with a capital of $5,000 to furnish and open The Newland Hotel." Opposite defendant's signature appeared $200. The full sum of $5,000 was subscribed and in March, 1896, the said Newland Hotel Company was duly incorporated, the articles of association fixing the number of shares at one hundred and at the par value of $50 a share.

STATEMENT.

Under this arrangement, therefore, defendant became entitled to four shares of the capital stock, a certificate for which plaintiff made out and tendered to defendant, with a demand that he pay said $200 subscribed. Defendant, however, declined to accept the stock certificate or pay the amount thereby called for, basing his refusal on the ground that at the time he subscribed he had an oral understanding with the committee circulating the subscription paper that he was not to pay in money, but was to furnish wall paper, hard oils, etc., from his stock of goods, and that he had all the time been ready and willing to supply the same.

Thereupon this suit was brought; the defendant interposed said oral agreement as a defense; the case was tried below, where the circuit court excluded all evidence tending to prove said contemporaneous parol understanding. Plaintiff had judgment and defendant appealed.

I. The propriety of the court's ruling on evidence, as above noted, is the decisive question on this appeal.

Defendant put his name to a subscription

*EVIDENCE: parol: varying written contract.* paper which in terms bound him absolutely to pay $200 in money to the Newland Hotel enterprise. He sought to prove that at the time he signed this paper he had a parol understanding with the promoters of the enterprise that he was not to pay his subscription according to the terms of the writing, but was to be allowed to furnish certain goods in payment of the obligation. That the trial court was right in excluding all such testimony, is settled by an almost unanimous concurrence of authority. Thompson, Liability of Stockholders, sec. 121; *La Grange, etc., Road Co. v. Mays,* 29 Mo. 64; *Haskell v. Sells,* 14 Mo. App. 91; *Ollesheimer v. Thompson Mfg. Co.,* 44 Mo. App. 172, and cases cited; *Baile v. Calvert College Society, etc.,* 47 Md. 118; *Minneapolis Threshing Machine Co. v. Davis,* 40 Minn. 110. In the *Ollesheimer* case, *supra,* Judge Thompson, of the St. Louis court of appeals, has fully discussed the question, has collated the authorities, and to save space we now content ourselves by a reference to that opinion.

This question of evidence disposed of, there is little more to be said in this case. The subscription paper became as between the parties thereto a binding contract—the obligation of each and all being a consideration for the undertaking of every other subscriber. And said contract, good between the parties at the time, inured to the benefit of the corporation when subsequently formed.

II. Defendant further seeks to escape liability on his subscription because of the conceded fact that he did not sign the articles of association on

*CORPORATION: signing articles: subscription: estoppel.* which incorporation was granted. While it is true that the statute requires that the

articles of agreement, providing for and leading up to the incorporation, shall contain "the names and place of residence of the several shareholders and the number of shares subscribed by each," and that said articles of association "shall be signed and acknowledged by all the parties thereto" (R. S. 1889, secs. 2768, 2769, as amended in 1891), yet under the facts of this case this will not relieve the defendant from his subscription. For the proof is, that after the full capital stock had been subscribed for, the subscribers held a meeting to arrange for the incorporation of the company, and the defendant was there present and participated. It was there unanimously agreed and declared that nine persons out of the fifty-three subscribers should proceed to formally incorporate the company; that such persons should, in behalf of the subscribers, sign as the holders of all the stock and file articles of association, and that the stock should subsequently be issued to each and all the subscribers according to his respective portion. At that meeting defendant voted his four shares in favor of that proposition, and he will not now be allowed to say that he was discharged of his subscription by the performance of an act which he himself directed. He, with the other subscribers, appointed nine of their number to act as their agents and trustees in procuring the incorporation certificate, and he can not now be heard to question their authority. *Fair Ass'n v. Walker*, 83 Mich. 386; *Davis v. Johnson*, 49 Mo. App. 240.

The judgment is manifestly for the right party and will be affirmed. All concur.