TRUSTEES OF LOUISIANA PURCHASE EXPO-
SITION COMPANY, Respondents, v. BENJ.
SCHNURMACHER, Administrator, Appellant.

**St. Louis Court of Appeals, November 7, 1911.**

The opinion of the Springfield Court of Appeals in this case
(151 Mo. App. 601) is adopted as the opinion of the court.

Appeal from St. Louis County Circuit Court.—*Hon.
John H. McElhinney,* Judge.

AFFIRMED.

*Mann, Johnson & Todd* and *Alexander Young* for
appellant.

*Franklin Ferriss, L. L. Leonard, Jos Zumbalen*
and *Wm. E. Baird* for respondents.

PER CURIAM.—This action was originally com-
menced in the circuit court of the city of St. Louis, by
the Louisiana Purchase Exposition Company against
Henry Zeigenhein, to recover on a subscription said to
have been made by defendant to the capital stock of the
plaintiff corporation. The cause was taken to the cir-
cuit court of St. Louis county by change of venue.
There judgment going in favor of plaintiff for $5000
and interest, defendant appealed to the Supreme Court.
Pending its submission in that court, the cause was
transferred to the St. Louis Court of Appeals in conse-
quence of the increase of jurisdiction of that court. It
was then transferred from our court to the Springfield
Court of Appeals under the provisions of an Act of the
General Assembly, approved June 12, 1909. [Laws
1909, p. 396, now section 3939, R. S. 1909.] Pending its
submission in the Springfield Court of Appeals, defend-

ant dying, the action was revived in the name of his administrator, who duly entered his appearance. The cause was thereafter submitted to the Springfield Court of Appeals. That court affirmed the judgment of the circuit court. Its opinion will be found reported under the title Louisiana Purchase Exposition Co. v. Benj. Schnurmacher, Admr., 151 Mo. 601, 132 S. W. 326. Upon the Supreme Court holding that the last mentioned act was unconstitutional (State ex rel. St. Louis Dressed Beef & Provision Co. v. Nixon et al., 232 Mo. 496, 134 S. W. 538, and cases there cited), the cause was transferred back to this court. Upon its reaching here suggestion was made of the dissolution of the respondent by reason of the expiry of its corporate existence, and upon motion made the cause was duly revived in the name of the trustees who, under the statute, are winding up the affairs of the dissolved corporation. These trustees as well as the administrator of the original defendant thereupon duly entered their appearance in this court and submitted it for determination on the briefs and printed arguments of counsel formerly submitted to the Springfield Court of Appeals.

It appearing that two of the judges of this court were stockholders in the Louisiana Purchase Exposition Company, counsel for the respective parties, by stipulation duly filed, waived any objection to those judges sitting in the case.

On consideration of the record, briefs and argument, we have concluded that the opinion of the Springfield Court of Appeals, rendered by Judge Cox and reported as above noted, correctly disposes of the case. We adopt the statement of facts and the opinion there rendered by Judge Cox, referring in further support of that opinion to what is said by our court in Business Men's Association v. Williams, 137 Mo. App. 575, 119 S. W. 439, so far as germane to this case.

The judgment of the circuit court of the city of St. Louis is affirmed. All concur.